```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


CAPTRAN/TANGLEWOOD LLC,           §
                                  §
     Plaintiff,                   §
                                  §
v.                                §    CIVIL ACTION NO. H-08-2374
                                  §
THOMAS N. THURLOW & ASSOCIATES,   §
A PROFESSIONAL CORPORATION,       §
THOMAS N. THURLOW, LAW OFFICES    §
OF TONY MARTINEZ, P.C.,           §
PETROFF & ASSOCIATES, LTD.,       §
L.L.P., and ABRAHAM, WATKINS,     §
NICHOLS, SORRELS, MATTHEWS        §
& FRIEND,                         §
                                  §
     Defendants.                  §
```

MEMORANDUM AND ORDER

Pending is Defendants Thomas N. Thurlow & Associates, a Professional Corporation ("Thurlow & Associates") and Thomas N. Thurlow's ("Thurlow") Motion to Dismiss Upon a Forum Selection Clause (Document No. 6). After having reviewed the motion, response, and applicable law, the Court concludes for the reasons set forth below that the motion should be denied.

Plaintiff is a Delaware limited liability company, with its principal place of business in North Carolina. Defendants are all citizens of Texas. The amount in controversy exceeds $75,000, exclusive of interest and costs, and it is not disputed that the Court has diversity jurisdiction. Thurlow & Associates and Thurlow

(collectively "Thurlows") move to dismiss, citing a forum selection clause found in agreements upon which Plaintiff brings suit, to wit:

> ANY LITIGATION FILED IN FEDERAL COURT SHALL BE FILED IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA, LOCATED IN GREENSBORO, NORTH CAROLINA.

Thurlows rely upon no specific statute or rule in moving for dismissal.  In fact, the Thurlows submit only a terse statement that they "deny that this court has jurisdiction and venue to hear this action," based solely upon the above quoted forum selection clause.  They cite no authorities and present no legal analysis in support of that contention.

In <u>International Software Systems, Inc. v. Amplicon</u>, 77 F.3d 112 (5th Cir. 1996), it was held that dismissal of an action based upon a forum selection clause was appropriate under the criteria of <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 92 S. Ct. 1907 (1972).  In <u>Amplicon</u>, however, the forum selection clause required that litigation arising out of the transaction "shall be filed and conducted" in a foreign state court.  The Fifth Circuit observed that a different rule has been applied in cases that did not involve a forum selection clause limiting the agreed venue to a state court.  <u>Id.</u>  When the forum selection clause provides for suit in another federal court, 28 U.S.C. § 1404(a) and the criteria

2

of Stewart Organization, Inc. v. Ricoh Corp., 108 S. Ct. 2239 (1988) govern. *See* Canvas Records, Inc. v. Koch Entm't Distrib. LLC, No. H-07-373, 2007 WL 1239243, at *5 (S.D. Tex. April 27, 2007) (Lake, J.); *see also* Lafarque v. Union Pac. R.R., 154 F. Supp. 2d 1001, 1003-04 (S.D. Tex. 2001) (holding that section 1404(a) is the proper means to analyze a request to dismiss or to transfer based on a valid forum selection clause specifying a different federal district court); Shabaz v. AFC Enters., Inc., Memorandum and Order, No. H-03-5414, at 5 (S.D. Tex. Aug. 12, 2004) (Document No. 18) (same).

Because the forum selection clause relied upon by Thurlows designates a federal district court in North Carolina, Defendants' Motion to Dismiss must therefore be considered as a motion to transfer under § 1404(a). As Judge Lake held in Canvas Records,

> Because the agreement designates the Southern District of New York as the appropriate venue, § 1404(a) provides the appropriate analysis. Section 1404(a) allows for transfer, not dismissal. Defendants' Motion to Dismiss pursuant to 12(b)(3) will therefore be denied . . . .

Contrary to common practice, Thurlows did not move for transfer of the case to North Carolina or attempt to demonstrate that it should be transferred when the Stewart factors are considered. Thurlows' silence here is akin to that of the defendant in Wal-Mart Stores, Inc. v. Qore, Inc., 2007 WL 2769835 (N.D. Miss.). Qore filed a motion in the Northern District of

3

Mississippi to dismiss the case based on a forum selection clause that required any action be filed only "in the federal or state courts for Benton County, Arkansas."  Wal-Mart was happy to move the case to its home state of Arkansas, but acknowledged its belief that the Stewart factors supported venue in Mississippi.  In denying Qore's motion to dismiss, the court held, "[I]t is clear that Qore may not circumvent the near-consensus view of Fifth Circuit District Courts that the Stewart transfer factors control in this context by simply refusing to file a motion to transfer." Id. at *2.

As observed above, Thurlows rely neither upon Fed. R. Civ. P. 12(b)(3) or § 1404(a), in their one line "denial" that this Court has jurisdiction and venue.  To be sure, they have made no request to transfer the case to the designated federal court in North Carolina, and they have supplied no evidence to permit the Court to engage in the balancing factors required by Stewart.  Plaintiff, on the other hand, has filed a response including material to demonstrate that upon consideration of the Stewart balancing factors, transfer of the case to North Carolina is not be supported.  Defendants have not objected to Plaintiff's analysis, which was filed more than two months ago.

For the foregoing reasons, it is

ORDERED that Defendants Thomas N. Thurlow & Associates, a Professional Corporation, and Thomas N. Thurlow's Motion to Dismiss Upon a Forum Selection Clause (Document No. 6) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 9th day of February, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE