IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAPTRAN/TANGLEWOOD LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2374 |
| | § | |
| THOMAS N. THURLOW & ASSOCIATES, | § | |
| A PROFESSIONAL CORPORATION; | § | |
| THOMAS N. THURLOW; LAW OFFICES | § | |
| OF TONY MARTINEZ, P.C.; PETROFF | § | |
| & ASSOCIATES, LTD., L.L.P.; | § | |
| and ABRAHAM, WATKINS, NICHOLS, | § | |
| SORRELS, MATTHEWS & FRIEND, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Plaintiff CapTran/Tanglewood, LLC's Motion for Partial Summary Judgment Against Abraham, Watkins, Nichols, Sorrels, Matthews & Friend (Document No. 74), and Defendant and Third-party Plaintiff Abraham, Watkins, Nichols, Sorrels, Matthews & Friend's Motion to Dismiss Thomas N. Thurlow & Associates and Thomas N. Thurlow's Cross Action Under Fed. R. Civ. P. 12(b)(6) (Document No. 76).

Previously the Court denied Abraham Watkins's motion for partial summary judgment because of genuine issues of material fact on whether and when Abraham Watkins received authenticated notification that Thurlow had assigned to CapTran accounts receivable from Abraham Watkins and that Abraham Watkins was to

make payment(s) to CapTran, the assignee.[1] CapTran now moves for partial summary judgment alleging that, regardless of notice, Abraham Watkins converted the funds in the account when it negotiated a settlement with Thurlow and subsequently refused to pay CapTran.[2]

At common law it is not necessary to know that the property is owned by another in order to commit conversion; conversion can be in good faith. Geders v. Aircraft Engine and Accessory Co., Inc., 599 S.W.2d 646, 651 (Tex. Civ. App.--Dallas 1980, no writ) ("Such knowledge [of rights of another] is not necessary, because a good faith but unauthorized retention of property can be a conversion."); Schwartz v. Pinnacle Commc'ns, 944 S.W.2d 427, 432-33 (Tex. App.--Houston [14th Dist.] 1997, no writ) ("Because wrongful intent is not an element of this tort, even an innocent taker can be liable for conversion."). However, "[c]ommon law claims exist only to the extent they do not conflict with [Texas Business and Commerce] Code provisions." Mazon Assoc., Inc. v. Comerica Bank, 195 S.W.3d 800, 804 (Tex. App.--Dallas 2006, no pet.) (holding that a right of action under common law conversion of an instrument was displaced by Texas Business and Commerce Code section 3.419); see TEX. BUS. & COM. CODE ANN. § 1.103 cmt. 2 (West

---

[1] See Document No. 48 at 2-3.

[2] Document No. 74 at 8.

2009) (unless otherwise provided, the Texas Business and Commerce Code preempts principles of common law that are inconsistent with its provisions). Common law claims "supplement," but do not "supplant," the Code. TEX. BUS. & COM. CODE ANN. § 1.103 cmt. 2 (West 2009).

The Texas Business and Commerce Code affords an account debtor the right to pay the assignor until it receives authenticated notification under section 9.406(b). TEX. BUS. & COM. CODE ANN. § 9.406(b) (West Supp. 2010). CapTran's common law conversion claim does not abrogate that provision of the Texas Business and Commerce Code. Ross v. Bank of Am., N.A., 693 F. Supp. 2d 692, 694 (S.D. Tex. 2010)(Rosenthal, J.) ("The common-law 'right can only continue in a form that does not conflict with Code provisions.'" (quoting Bryan v. Citizens Nat'l Bank in Abilene, 628 S.W.2d 761, 764 (Tex. 1982))). In light of this proviso of the Texas Business and Commerce Code, Abraham Watkins cannot be held liable for conversion unless it had received the notice required by section 9.406 before it settled with Thurlow. As already observed, genuine issues of material fact as to whether and when Abraham Watkins received authenticated notification preclude summary judgment on that issue.

In addition, even if Abraham Watkins received authenticated notification of Thurlow's assignment in March, 2005, as CapTran

3

contends, Abraham Watkins has presented summary judgment evidence sufficient to raise genuine issues of material fact on whether at that time Abraham Watkins already had valid defenses against Thurlow based on fraud and breach of contract of the Referral Agreement between Thurlow and Abraham Watkins. If so, the assignee CapTran took the assignment subject to Abraham Watkins's defenses. *See* TEX. BUS. & COMM. CODE ANN. § 9.404(a) (West 2009). Accordingly, CapTran's Motion for Partial Summary Judgment will be denied.

Abraham Watkins moves to dismiss Thurlow's cross action under Rule 12(b)(6). Thurlow has failed to respond to the motion to dismiss, *see* Local Rule 7.4 ("Failure to respond will be taken as a representation of no opposition."), and Thurlow's cross action fails to allege a plausible basis for relief against Abraham Watkins. *See* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, Abraham Watkins's motion will be granted.

For the foregoing reasons, it is

ORDERED that Plaintiff CapTran/Tanglewood, LLC's Motion for Partial Summary Judgment Against Abraham, Watkins, Nichols, Sorrels, Matthews & Friend (Document No. 74) is DENIED; and it is further

4

ORDERED that Defendant and Third-party Plaintiff Abraham, Watkins, Nichols, Sorrels, Matthews & Friend's Motion to Dismiss Thomas N. Thurlow's Cross Action Under Fed. R. Civ. P. 12(b)(6) (Document No. 76) is GRANTED, and Thomas N. Thurlow & Associates and Thomas N. Thurlow's cross action against Abraham Watkins is DISMISSED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 22ᵈ day of November, 2010.

*[signature]*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE