```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

CAPTRAN/TANGLEWOOD LLC,         §
                                §
      Plaintiff,                §
                                §
v.                              §    CIVIL ACTION NO. H-08-2374
                                §
THOMAS N. THURLOW & ASSOCIATES, §
A PROFESSIONAL CORPORATION;     §
THOMAS N. THURLOW; LAW OFFICES  §
OF TONY MARTINEZ, P.C.; PETROFF §
& ASSOCIATES, LTD., L.L.P.;     §
and ABRAHAM, WATKINS, NICHOLS,  §
SORRELS, MATTHEWS & FRIEND,     §
                                §
      Defendants.               §
```

MEMORANDUM AND ORDER

Pending are Plaintiff CapTran Tanglewood, LLC's Motion for Attorneys' Fees (Document No. 88) and Defendant Law Offices of Tony Martinez, P.C.'s Rule 54(d)(2) Motion for Attorney's Fees (Document No. 87), in which the two adversaries each seek to recover attorney's fees from the other, an almost predictable epilogue to a case that from its start has been about contingent fee referral agreements, the taking of future attorney's fees as security for a litigation lender's loan, and the relative rights and liabilities of the parties claiming entitlement to the contingent fees.

I. Background

CapTran Tanglewood, LLC ("CapTran"), the litigation lender, filed this suit against its debtors, Thomas N. Thurlow & Associates

and Thomas N. Thurlow (collectively, "Thurlow"), and against certain law firms with whom Thurlow had made contingent fee referral agreements, to recover amounts it had loaned to Thurlow. As part of the loan agreement, Thurlow granted to CapTran a first priority security interest in all of Thurlow's contingent fees on cases he had referred to the Law Offices of Tony Martinez, P.C. ("Martinez"), and certain other law firms.[1] Martinez was timely notified of Thurlow's assignment to CapTran, and Martinez made at least fourteen payments to CapTran of referral fees due to Thurlow.[2]

After much pretrial discovery and analysis to reconcile the discrepancies in the calculations of the fees Martinez owed to Thurlow, and owed to CapTran by virtue of Thurlow's subsequent December 18, 2009 assignment, CapTran's counsel by August 2010 claimed that Martinez had underpaid CapTran $614,794.59.[3] Subsequent joint analysis of the records indicated that after correction for mathematical error, Martinez's underpayment to CapTran was in fact $402,000.[4]

---

[1] Document No. 1 at 4, 8-12 (Plaintiff's Orig. Complt.).

[2] Id. at 5, 8-12.

[3] See Document No. 89, ex. 2 at 1 (email from McCloskey to Whittington).

[4] See Document No. 87 at 7.

2

Shortly before the scheduled trial date, the parties settled, with Martinez agreeing to pay to CapTran $388,000, leaving unresolved pending claims for attorney's fees for determination by the Court.[5] CapTran claims attorney's fees as the prevailing party under two Texas statutes: Texas Civil Practice and Remedies Code § 38.001 and Texas Business and Commerce Code § 9.607(d).[6] Martinez's counterclaim for attorney's fees is predicated on his allegation that CapTran acted in bad faith and obstinance in its prosecution of the case.[7]

## II.   CapTran's Motion for Attorney's Fees

A.   Legal Standard

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002). Under the Civil Practice and Remedies Code, "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRACT. & REM. CODE ANN. § 38.001(8) (West 2008).

---

[5] *See* Document No. 86 (Settlement Conf. Min. Entry).

[6] Document No. 88 at 4-8.

[7] Document No. 87 at 11.

The Business and Commerce Code permits a secured party to deduct "reasonable expenses of collection and enforcement, including reasonable attorney's fees and legal expenses incurred by the secured party" from amounts collected from "an account debtor or other person obligated on collateral . . . ." TEX. BUS. & COM. CODE §§ 9.607(a)(3) & (d).

1. Breach of Contract

"In order to recover attorney fees in a suit 'founded on' a written contract under [the predecessor statute to Tex. Pract. & Rem. Code § 38.001], a plaintiff must plead and prove that presentment of a contract claim was made to the opposing party and that the party failed to tender performance." Ellis v. Waldrop, 656 S.W.2d 902, 905 (Tex. 1983); *see also* Wilson v. Ferguson, 747 S.W.2d 499, 504 (Tex. App.-- Tyler 1988, writ denied) ("[S]ection 38.002 requires a plaintiff to *plead and prove* that *presentment* of the contract claim *was made* to the opposing party and that the party failed to tender performance." (emphasis in original)); Huddleston v. Pace, 790 S.W.2d 47, 51 (Tex. App.--San Antonio 1990, writ denied) ("A condition precedent to the recovery of attorney fees under Art. 2226 (now § 38.001) is the pleading and proof of a 'valid claim' as described in the statute, and a judgment obtained on that claim." (collecting cases)). Further, "a party must recover in the right in which he sues and upon proof of the facts

stated in his pleadings, and he cannot recover through a right not asserted." Jay Fikes and Assocs. v. Walton, 578 S.W.2d 885, 889 (Tex. Civ. App.--Amarillo 1979, writ ref'd n.r.e.) (citing Starr v. Ferguson, 166 S.W.2d 130, 132 (1942)).

A final pretrial order supersedes all prior pleadings and thereafter "control[s] the subsequent course of the action." Rockwell Int'l Corp. v. United States, 127 S. Ct. 1397, 1409 (2007) (quoting Fed. R. Civ. P. 16(e)). This includes the incorporation of new causes of actions not contained in earlier pleadings. Id. (citing Syrie v. Knoll Int'l, 748 F.2d 304, 308 (5th Cir. 1984) ("[I]ncorporation of a[new] claim into the pre-trial order . . . amends the previous pleadings to state [the new] claim.")). Therefore, in order to recover attorney's fees under Section 38.001, CapTran was required to plead, if not in its Original Complaint, then at least in the Joint Pretrial Order, a breach of contract claim against Martinez.

In challenging CapTran's entitlement to attorney's fees, Martinez argues that CapTran did not sue it for breach of contract, and therefore cannot recover attorney's fees under section 38.001(8). Indeed, although CapTran pled breach of contract against the Thurlow parties in paragraphs 30-32 of its Original Complaint, it did not plead a breach of contract claim against Martinez.[8]

---

[8] Document No. 1 ¶¶ 30-32 (Orig. Cmplt.).

5

CapTran argues that its action against Martinez included a breach of contract claim because CapTran is the assignee of the contract between Thurlow and Martinez. However, Thurlow's assignment to CapTran was not made until December 18, 2009, almost eighteen months after CapTran filed its Complaint against Martinez.[9] After receiving the assignment, CapTran never sought leave to amend its complaint to assert a contract claim against Martinez.

CapTran in its "Contentions . . . as to Martinez" in the Joint Pretrial Order sets forth no breach of contract claim against Martinez but only a claim to recover from Martinez under the security documents by which CapTran purports to have obtained a "first lien priority security position in all fees earned by Thurlow." Thus, CapTrain in its "Contentions . . . as to Martinez," makes no assertion of a contract claim against Martinez.[10] Embedded in a list of more than 50 "Contested Issues of Law" in the Joint Pretrial Order, is the stated issue whether Thurlow and Martinez had a contract "which CapTran is entitled to enforce." However, there is never an assertion of a contract claim against Martinez. Because CapTran did not plead a contract claim against Martinez, and no such claim was tried by consent, CapTran

---

[9] *See* Document No. 88, ex. 1 (Thurlow's assignment to CapTran).

[10] Id. at 5.

is not entitled to recover from Martinez attorney's fees under section 38.001(8) of the Texas Civil Practice and Remedies Code.

2. <u>Action Against Account Debtor</u>

CapTran did plead a cause of action against Martinez as an account debtor under the Uniform Commercial Code.[11] It is undisputed that Thurlow granted to CapTran a first priority security interest in all of Thurlow & Associates's right, title, and interest in all legal fees payable to it in connection with the Fen-Phen cases and that CapTran gave sufficient notice of the assignment to Martinez.[12]

The contingent fee contracts between Thurlow and Martinez gave Thurlow the right to be paid and therefore constitute an "account." *See* TEX. BUS. & COM. CODE § 9.102; *see also* <u>Hennigan v. Hennigan</u>, 666 S.W.2d 322, 325 (Tex. App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.) (finding that an attorney may assign "his accounts receivable, consisting of current or future, earned or unearned, attorney fees as property securing a transaction" under the Texas Business and Commerce Code).

Under section 9.607, "a secured party may deduct from the collections made pursuant to Subsection (c) reasonable attorney's fees and legal expenses incurred by the secured party." TEX. BUS.

---

[11] *See* Document No. 1 ¶ 42.

[12] *See* Document No. 82 at 9-10 (Joint Pretrial Order).

& COM. CODE § 9.607(d); *see also* Timothy Zinnecker, <u>The Default Provisions of Revised Article 9 of the Uniform Commercial Code: Part I</u>, 54 BUS. LAW. 1113, 1134 & n.132 (May 1999) ("[Section 9-607] permits a creditor to deduct from any collections all reasonable expenses incurred in the collection and enforcement process, 'including reasonable attorney's fees and expenses.'"); *accord* Donald J. Rapson, <u>Default and Enforcement of Security Interests Under Revised Article 9</u>, 74 CHI-KENT L. REV. 893, 905-907 (1999).[13]

Section 9.608 outlines the allocation of the proceeds from the "payment or performance of an obligation" and directs the secured party to "apply or pay over for application the cash proceeds" to satisfy "the reasonable expenses and attorney's fees." *See* TEX. BUS. & COM. CODE § 9.608(a)(1)(A). In sum, the plain language of section 9.607(d) provides that CapTran, as the secured party, may *deduct* from its collections on the obligation its reasonable expenses in collecting sums due from Martinez; but neither section 9.607 nor 9.608 provides for recovery of attorney's fees *over and above* the amount of the obligation. *See* TEX. BUS. & COM. CODE §§ 9.607(d), 9.608.

Here, CapTran enforced the account debtor's (Martinez's) obligation to Thurlow, as it was authorized to do by section

---

[13] Previous law, in section 9-502(2) of the Uniform Commercial Code, allowed a creditor to "deduct his reasonable expenses of realization from the collections." Zinnecker, <u>The Default Provisions of Revised Article 9 of the Uniform Commercial Code: Part I</u>, 54 BUS. LAW. at 1134 n.132.

9.607(a)(3), and collected from Martinez the sum of $388,000.00. Out of that, CapTran may deduct its reasonable attorney's fees and credit the balance to Thurlow's obligation. CapTran's recourse then is against Thurlow for any deficiency, not against Martinez.

CapTran relies on two cases for support of its claim for attorney's fees from Martinez. The first of these, <u>Taubenhaus v. Jung Factors, Inc.</u>, 478 S.W.2d 149, 151-52 (Tex. Civ. App.--Houston [14th Dist.] 1972, no writ), arose from a 1966 sale of accounts receivable to a factor, which predated Texas's adoption of the Uniform Commercial Code. In its original opinion (corrected on rehearing) the court mistakenly cited the not-yet-effective Texas Uniform Commercial Code in affirming a judgment of $957.44 plus $400.00 in attorney's fees in favor of the factor and against the original debtor, who had failed to tender the amount owed to the factor after receiving notice of the assignment. <u>Id.</u> at 152. <u>Taubenhaus</u> constitutes no precedent for applying section 9.607 of the Texas Business and Commerce Code because that provision formed no basis for its holding.

CapTran's other case is <u>In re Apex Oil Co.</u>, 297 F.3d 712 (8th Cir. 2002). In <u>Apex Oil</u> the Eighth Circuit was obliged to apply Texas law, after enactment of the Uniform Commercial Code, and in one unexplained sentence with a citation to one case--<u>Taubenhaus</u>-- the court stated that "an assignee who recovers against an account debtor is entitled to recover the attorney's fees that accrued from

9

the pursuit of its claim," and affirmed a recovery of attorney's fees in addition to the indebtedness. Id. at 717. The Eighth Circuit took no note of the Taubenhaus court having acknowledged on rehearing that the Uniform Commercial Code did not apply in that case. Moreover, the Eighth Circuit did not cite--or purport to apply or distinguish--Texas Business and Commerce Code section 9.607 or any other portion of the Uniform Commercial Code.

The plain language of section 9.607 is that attorney fees are to be *deducted* from, rather than added to, the amount collected. *See* TEX. BUS. & COM. CODE § 9.607 (emphasis added). The Texas version of the U.C.C. was amended in 1999, and section 9.607(d) is new. *See* id. & comment 1. CapTran cites no case, and the Court is aware of none, construing Texas Business and Commerce Code § 9.607(d) to permit an award of attorney's fees *against the account debtor* in *addition* to the collections on the debt made by the secured party. The Court is of the opinion that the Fifth Circuit would not follow Apex Oil as a correct application of section 9.607(d). CapTran has not shown its entitlement to fees under section 9.607 from Martinez because the statute provides only for a deduction of attorney's fees from the amount collected from the account debtor.

### III. Martinez's Motion for Attorney Fees

The Court has carefully considered Martinez's Motion for Attorney's Fees, based on his contentions that CapTran acted in bad

faith by filing suit against Martinez, was obstinate during pendency of the suit, and made an excessive demand upon Martinez, and finds no merit in the motion. CapTran filed a valid action against Martinez as an account debtor and prevailed on that claim with Martinez's eve-of-trial agreement to pay to CapTran $388,000.00 in settlement. Although the case from start to finish was long, complex, and often hotly contested, no good reason has been shown to adjudge against the prevailing party a liability for the payment of Defendant Martinez's attorney's fees. Martinez's Motion for Attorney's fees is therefore DENIED.

IV. Order

Accordingly, it is

ORDERED that Plaintiff CapTran Tanglewood, LLC's Motion for Attorneys' Fees (Document No. 88), and Defendant Law Offices of Tony Martinez, PC's Rule 54(d)(2) Motion for Attorney's Fees (Document No. 87), are both DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 21st day of July, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE